USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MID-HUDSON CIVIC CENTER, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>EVEREST NATIONAL INSURANCE COMPANY,<br><br>Defendant. | 7:25 CV 4947 (NSR)<br><br>**OPINION & ORDER** |

NELSON S. ROMÁN, United States District Judge:

Plaintiff Mid-Hudson Civic Center ("Plaintiff") brings this action against Defendant Everest National Insurance Company ("Defendant" or "Everest National"), alleging breach of contract, deceptive business practices in violation of New York General Business Law § 349, and breach of the covenant of good faith and fair dealing. (Complaint, ECF No. 1, Ex. 1.) Specifically, Plaintiff alleges that it entered into an insurance contract with Everest National, subsequently suffered a covered loss, and submitted a claim for that loss to Everest National, which wrongfully denied coverage. (*See generally id.*)

Before the Court is Defendant's motion to dismiss the Second and Third Causes of Action of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion is GRANTED.

**FACTUAL BACKGROUND**

On or about June 19, 2022, Plaintiff renewed its insurance policy with Everest National. (*Id.* ¶ 4.) The one-year policy provided commercial property and general liability coverage for Plaintiff's two properties, including the Mid-Hudson Civic Center (the "Civic Center") in

Poughkeepsie, New York, and expired on June 19, 2023. (*Id.* ¶¶ 5–7, 9.) Plaintiff alleges that Everest National did not physically inspect either property before providing coverage. (*Id.* ¶ 7.)

On or about April 30–May 1, 2023, the Civic Center sustained substantial damage when, according to Plaintiff, high winds and rain caused water to enter through the roof. (*Id.* ¶¶ 10–17.) Plaintiff alleges that the resulting water intrusion damaged the Civic Center's bleachers, flooring, HVAC and dehumidification systems, sound equipment, and curtains. (*Id.* ¶¶ 11–17.) Plaintiff notified Everest National of the loss on May 1, 2023, and submitted a claim for the resulting damage. (*Id.* ¶¶ 18–19.) Everest National retained EFI Global Engineering of New York, P.C. ("EFI") to inspect the Civic Center. Following EFI's inspection, Everest National denied Plaintiff's claim, asserting that the roof was inadequately sealed and that, under the policy, interior water damage was not covered absent prior damage to the roof or walls caused by a covered cause of loss. (*Id.* ¶¶ 23–26.)

Plaintiff subsequently provided Everest National with engineering reports and other documentation asserting that the damage resulted from the May 1, 2023 weather event rather than defects in the roof. (*Id.* ¶¶ 28–32.) Plaintiff alleges that, despite its repeated efforts to obtain reconsideration of the claim, Everest National has maintained its denial. (*Id.* ¶ 32.) Plaintiff further alleges that it incurred approximately $1.82 million in costs to repair the Civic Center and that Everest National has not reimbursed it for those losses. (*Id.* ¶¶ 33–34.)

**PROCEDURAL BACKGROUND**

Plaintiff commenced this action in the Supreme Court of the State of New York, Dutchess County. On June 12, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Defendant moved to dismiss Plaintiff's Second and Third Causes of Action. (ECF Nos. 14, 15.) Plaintiff thereafter filed an opposition (ECF No. 19) and Defendant

filed a reply in further support of its motion to dismiss. (ECF No. 18.) The motion was fully briefed as of November 18, 2025. While the motion was pending, on June 9, 2026, the parties filed a stipulation dismissing Defendant Everest Group, Ltd., which this Court issued on June 10, 2026, leaving Everest National as the sole remaining defendant. (ECF No. 24.)

## LEGAL STANDARD

### I. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendant seeks dismissal of Plaintiff's claim under New York General Business Law Section 349 (the Second Cause of Action), arguing that this action concerns a private contractual dispute and does not involve consumer-oriented conduct. (Def. Mem. at 4–9.) Defendant further contends that Plaintiff's allegations of deceptive business practices are conclusory and speculative and therefore fail to state a plausible claim for relief. (*Id.*) In response, Plaintiff alleges that Defendant relied on an endorsement that did not apply to Plaintiff's policy and that Defendant's reliance on that endorsement in denying coverage constituted a deceptive and unlawful practice. (Compl. ¶¶ 48–53; Pl. Opp. ¶¶ 5-7.)

Defendant also seeks dismissal of Plaintiff's implied covenant claim (the Third Cause of Action) on grounds that it is duplicative because it is predicated on Plaintiff's breach of contract claim. (Def. Mem. at 9–12). Plaintiff, in turn, contends that Everest National manufactured a factually incorrect reason to deny coverage under the policy thereby breaching its covenant of good faith and fair dealing. (Pl. Opp. at 8-9.) The Court addresses each challenged cause of action in turn.

### I. Plaintiff's Second Cause of Action – Deceptive Business Practices Under New York General Business Law § 349

New York General Business Law Section 349 ("§ 349") prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" within New York State. N.Y. Gen. Bus. Law § 349(a). To state a private claim under § 349, a plaintiff must plausibly allege that "(1) the defendant's conduct is consumer-oriented; (2) the act or practice was misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deceptive act or practice." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). In the insurance context, the critical threshold inquiry under § 349 is whether the insurer's challenged conduct is

"a deceptive act or practice that is consumer-oriented." *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (1999) (internal quotations omitted). To satisfy this requirement, a plaintiff must allege conduct that has a broader impact on consumers at large, rather than a private contractual dispute unique to the parties. *Carlson v. Am. Int'l Grp., Inc.*, 30 N.Y.3d 288, 309 (2017) ("We have held that '[s]ection 349 does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers.'") (quoting *Schlessinger v. Valspar Corp.,* 21 N.Y.3d 166, 172 (2013)). Thus, an insurer's failure to pay benefits due under an insurance policy may violate § 349 only when the challenged conduct is alleged to be part of a broader, systemic practice affecting similarly situated consumers.

Here, Plaintiff's Second Cause of Action fails as a matter of law because this is not a consumer-oriented matter but rather a private dispute regarding coverage under an insurance policy. Courts have previously held that where, as here, an action that involves a private dispute regarding coverage under an insurance policy, rather than conduct affecting consumers at large, there can be no violation of § 349. *See, e.g., Fishberg v. State Farm Fire and Cas. Co.*, No. 20-cv 6664 (LJL), 2021 WL 3077478, at *4 (S.D.N.Y. July 20, 2021) (holding that disputes between policyholders and insurance companies concerning the scope of coverage "are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to Section 349") (internal citations omitted); *Carlson*, 30 N.Y.3d at 309 (holding that dismissal of § 349 claim was proper where the insured's allegations involved a private contract dispute which did not affect "the consuming public at large."); *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 321, 662 N.E.2d 763 (1995) (holding that § 349 claim must be dismissed where the plaintiff had "not met the threshold requirement because [the insurers'] acts in selling this policy and handling the claim under it do not constitute consumer-oriented conduct."). Thus, Everest National's act of

selling an insurance policy and handling a claim under that policy does not constitute consumer-oriented conduct, nor does the alleged act of Everest National's disclaiming coverage under an erroneous policy provision. *See Kastin v. GEICO Gen. Ins. Co.*, 190 A.D.3d 710, 712, 140 N.Y.S.3d 521 (2d Dep't 2021) (holding that plaintiff failed to state a cause of action alleging a violation of § 349 as "this action simply involves a private contract dispute involving coverage under the subject policy, in contrast to deceptive conduct aimed at the public at large.")

Moreover, Plaintiff relies on conclusory and speculative allegations to support its § 349 claim. Plaintiff's sole allegation as to its § 349 claim is that Everest National is liable for deceptive acts and unlawful practices in handling Plaintiff's claim because it cited to the incorrect policy endorsement in its denial letter to Plaintiff. (Compl. ¶¶ 47-53.) Insofar as this allegation merely alleges a mistake by Everest National, rather than deceptive conduct, it is insufficient to attain relief under New York General Business Law § 349. *See Streamline Capital, L.L.C. v. Hartford Cas. Ins. Co.*, No. 02 Civ. 8123(NRB), 2003 WL 22004888, at *3 (S.D.N.Y. Aug. 25, 2003) ("[T]he mere allegation of a mistake . . . is not sufficient to attain relief under § 349.") (citing *Wiener v. Unumprovident Corp.*, 202 F. Supp. 2d 116, 121 (S.D.N.Y. 2002) ("Even if defendants' review of plaintiff's file was inadequate and their termination of benefits mistaken, such allegations do not constitute deceptive conduct under § 349.")). Nonetheless, even interpreting the allegations to raise the strongest arguments in Plaintiff's favor and assuming Everest National cited the incorrect policy endorsement intentionally, Plaintiff has failed to allege that such conduct constituted a "practice" or potentially affected other similarly situated consumers. For example, Plaintiff does not allege facts plausibly suggesting that Everest National employed the same allegedly deceptive practices against other insureds or that the challenged conduct otherwise had a broader impact on consumers at large. The only instance in which Plaintiff attempts to allege

that Defendant's challenged conduct has a broader impact on consumers appears in its opposition, where Plaintiff asserts that the conduct "potentially could implicate the public at large." (Pl. Opp. at 8.) Such speculative and conclusory assertion, however, neither cures the absence of factual allegations in the Complaint nor plausibly suggests that the challenged conduct had the potential to affect consumers beyond Plaintiff. *See e.g., O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co.*, 09 CV 10273(LMM), 2010 WL 2813804, at *5 (S.D.N.Y. 2010) (unsupported and speculative allegations that an insurer's practices are part of a systemic program aimed at policyholders generally and that they allegedly have an impact on consumers at large were insufficient to state a claim under § 349); *Hartnett v. Liberty Ins. Corp.*, No. 24-CV-50 (KMK), 2024 WL 4266536, at *6 (S.D.N.Y. Sept. 23, 2024) ("Here, Plaintiffs fail to adequately plead the required elements of a Section 349 claim. Specifically, Plaintiffs merely allege, in a conclusory fashion, that Defendant engaged in deceptive acts and practices toward Plaintiffs (and not consumers at large), without specifying what these acts and practices were . . . [n]or do Plaintiffs identify the alleged fraudulent reasons that Defendant denied their insurance claim."); *Collazo v. Netherland Prop. Assets LLC*, 35 N.Y.3d 987, 991 (2020) ("Inasmuch as plaintiffs failed to allege more than 'bare legal conclusions' regarding the existence of consumer-oriented, deceptive acts, their General Business Law claim was properly dismissed.") (internal citations omitted).

The cases Plaintiff cites are inapposite. In *Rockefeller Univ. v. Aetna Cas. & Sur. Co.*, 231 A.D.3d 457 (1st Dep't 2024), the court sustained a § 349 claim where the plaintiff alleged that the insurer's conduct affected not only the plaintiff but also "potentially other policyholders, sexual abuse survivors, and the insurers' investors." *Id.* at 458. Here, by contrast, Plaintiff alleges no conduct affecting anyone beyond itself. Plaintiff also cites *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 178 (2021) and *SJN*

*Props. LLC v. Harleysville Ins. Co.*, 738 F. Supp. 3d 405, 417 (S.D.N.Y. 2024), but in both cases, the respective courts held that the plaintiffs' § 349 causes of action were properly dismissed because the plaintiffs did not plead that the defendants' conduct was "materially misleading." *Id.*; *Himmelstein*, 37 N.Y.3d at 178. Likewise, Plaintiff here does not allege that Everest National's conduct was "materially misleading," but only that Everest National cited a policy endorsement which plaintiff contends "does not apply." (Compl. at ¶49.) *Himmelstein* also is factually distinguishable because it did not involve an insurance policy at all, but rather, a book of New York legal materials on landlord-tenant law whose contents the plaintiff alleged had been misrepresented by the seller in order to inflate book sales. *Himmelstein*, 37 N.Y.3d at 174. Plaintiff's citation to a line in *Valentine v. Quincy Mutual Fire Insurance Company*, 123 A.D.3d 1011, 1015 (2d Dep't 2014) also is misplaced. *Valentine* involved allegations that an insurer failed to advise that it was deleting a policy provision as it was required to do pursuant to New York's Insurance Law. *Id.* at 1014. There is no such similar issue or allegation here. Finally, Plaintiff's reliance on *Perlbinder v. Vigilant Insurance Company*, 190 A.D.3d 985, 141 N.Y.S.3d 141 (2d Dep't 2021) also is misplaced as the court there sustained a § 349 claim where the plaintiff (unlike Plaintiff here) had alleged that the insurer's conduct in failing to pay a settlement was "consumer-oriented." *Id.* at 989.

Accordingly, because this action is a private dispute regarding coverage under an insurance policy and Plaintiff has failed to allege consumer-oriented conduct, Plaintiff's § 349 claim must be dismissed.

## II. Plaintiff's Third Cause of Action – Breach of Implied Covenant of Good Faith and Fair Dealing

Under New York law, a claim for breach of the implied covenant of good faith and fair dealing must be dismissed as duplicative when it arises from the same facts and seeks the same

damages as a breach of contract claim. *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) ("New York law…does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled. Therefore, when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant.") (internal quotations omitted); *see also Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015) ("Under New York law, claims are duplicative when both 'arise from the same facts and seek the identical damages for each alleged breach.'") (quoting *Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce,* 70 A.D.3d 423, 426, 894 N.Y.S.2d 47 (N.Y.App.Div.2010) (citation omitted); *Deer Park Enters., LLC v. Ail Sys., Inc.,* 57 A.D.3d 711, 712, 870 N.Y.S.2d 89 (N.Y.App.Div.2008) (claims are duplicative where "the conduct and resulting injury alleged" are identical). Relatedly, under New York law, Plaintiff cannot maintain both its First and Third Causes of Action simultaneously *unless* the breach of the covenant of good faith and fair dealing claim is supported by allegations different from those underlying the breach of contract claim. *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009) ("[A] claim for breach of the implied covenant of good faith can survive a motion to dismiss only if it is based on allegations different from those underlying the accompanying breach of contract claim.") (internal quotations omitted).

Here, Plaintiff's allegations stem solely from Everest National's alleged breach of the policy and its denial of coverage for damage to the property. (*See generally* Complaint.) Plaintiff attempts to distinguish its covenant of good faith and fair dealing claim by asserting that it "includes the additional fact that Defendant manufactured a factually incorrect reason to deny

coverage under the Insurance Policy." (Pl. Opp. at 9.) But that distinction is immaterial. The manner in which Everest National allegedly denied coverage—by citing an incorrect policy endorsement—does not change the underlying premise of Plaintiff's claim: that Everest National wrongfully denied coverage. It is clear from Plaintiff's Complaint that all of Plaintiff's causes of action are premised on the same set of allegations: that Plaintiff and Everest National entered into an insurance contract; that Plaintiff thereafter suffered a loss and damages; that Plaintiff tendered a claim for said loss and damages to Everest National; and that Everest National wrongfully denied coverage for Plaintiff's claim. (*See generally* Complaint.) Plaintiff identifies no allegations distinct from those underlying its breach of contract claim, and Plaintiff seeks the same $1,820,000 in damages on both claims.

Accordingly, because Plaintiff's implied covenant claim is duplicative, it must be dismissed as a matter of law.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Second and Third Causes of Action is GRANTED. Plaintiff's Second Cause of Action under New York General Business Law Section 349 and Third Cause of Action for breach of the implied covenant of good faith and fair dealing are dismissed without prejudice. Plaintiff's First of Cause of Action for breach of contract remains pending.

Defendant is directed to file an Answer on or before September 10, 2026. The Parties are further directed to meet and confer and file a joint Case Management Plan and Scheduling Order (blank form attached) on or before September 30, 2026, after which time the Court will issue an Order of Reference to Magistrate Judge Andrew E. Krause for discovery matters. The Parties are to contact Judge Krause within seven (7) business days of the date of the Order of Reference to schedule a conference.

The Clerk of Court is directed to terminate the motion at ECF No. 14.

Dated: August 13, 2026
White Plains, New York



Nelson S. Román
U.S. District Judge, S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Rev. May 2014

Plaintiff(s),

- against -

Defendant(s).

-----------------------------------------------------------x

**CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

_______ CV ____________ (NSR)

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by ________________________.

4. Amended pleadings may be filed until ______________________. Any party seeking to amend its pleadings after that date must seek leave of court via motion.

5. Interrogatories shall be served no later than ____________________, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____________________.

7. Non-expert depositions shall be completed by ______________________________.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than ______________________.

9. Requests to Admit, if any, shall be served no later than ______________________.

10. Expert reports shall be served no later than ______________________.

11. Rebuttal expert reports shall be served no later than ______________________.

12. Expert depositions shall be completed by ______________________.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** ______________________.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. ______________________.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for ______________________, at ____________. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York
________________________

______________________________
Nelson S. Román, U.S. District Judge